**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

JOSEPH H. CORNETTE, )
)
   Appellant-Petitioner, )
  v.            )   CA No. 23X-00807
)
STATE OF DELAWARE, )
)
   Respondent.   )
)

Date Submitted: April 8, 2024
Date Decided: June 11, 2024

## ORDER

Upon consideration of Defendant Joseph Cornette's ("Cornette") Appeal from the Commissioner's Order Denying Expungement ("Appeal") [1] the State's Response,[2] statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

 (1) On May 8, 1994, Cornette pled guilty to charges of Assault Second Degree and Driving Under the Influence ("DUI"), stemming from a drunk driving accident.[3] After maintaining a clean record for thirty years, Cornette applied for a pardon on his Assault Second Degree conviction.[4] The Board of Pardons held a

---

[1] Appeal from Comm'r's Order Den. Expungement.
[2] State's Resp. to Appeal from Comm'r's Order Den. Expungement.
[3] Appeal from Comm'r's Order Den. Expungement at 2.
[4] *Id*. at 3.

hearing on June 23, 2022.[5]  On December 8, 2022, the Governor issued Cornette a full and unconditional pardon for Cornette's Assault Second Degree conviction.[6]

(2)     On May 21, 2023, Cornette filed an expungement petition for his Assault Second Degree conviction pursuant to 11 *Del. C.* § 4375.  The State did not oppose the Motion.[7]  The case was then submitted to the Commissioner who denied the expungement in her November 27, 2023 Order.[8]  On December 21, 2023, Cornette appealed the Commissioner's denial, and the State submitted a response that it remained unopposed on January 26, 2024.[9]  The Court held a hearing on the expungement petition on April 8, 2024 where the State reiterated its position that it was unopposed to the expungement.[10]

(3)     Under 11 *Del. C.* § 4375, "a person who was convicted of a crime . . . who is thereafter unconditionally pardoned by the Governor may request a discretionary expungement . . . ."[11]  Discretionary expungement is available by petition to the Superior Court when:

> (i) a person was convicted of one or more eligible misdemeanors relating to the same case, at least 3 years have passed, and "the person has no prior or subsequent

---

[5] *Id.*
[6] *Id.*
[7] *Id.*  In its response, the State did not raise 11 *Del. C.* § 4375, nor did it discuss the statute in the subsequent hearing held on April 8, 2024.
[8] *Id.*
[9] *Id.*, State's Resp. to Appeal from Comm'r's Order Den. Expungement.
[10] March 21, 2024 Letter to Counsel Regarding Oral Arg. on Appeal from the Comm'r's Order Den. Expungement.
[11] 11 *Del. C.* § 4375(a).

convictions;" (ii) seven years have passed since conviction of certain misdemeanors, and "the person has no prior or subsequent convictions;" or (iii) at least seven years have passed since the date of conviction of specified felonies and the person "has no prior or subsequent convictions."[12]

If a Superior Court Commissioner denies discretionary expungement, the petitioner may file objections to the decision to be reviewed by a judge.[13]

(4) Pursuant to 11 *Del. C.* § 4372, in order for the Court to grant expungement the entire case must be eligible for expungement.[14] This means that *all* charges within one case must be expungable.[15] The Court will not split convictions and expunge a conviction in one case where the other charges within the same case are not expungable.

(5) Under 11 *Del. C.* § 4372(f)(2), Title 21 driving convictions including DUIs are ineligible for expungement.[16]

(6) Cornette pled guilty to Assault Second Degree and a DUI in the same case.[17] While an Assault Second Degree conviction is eligible for expungement, Cornette's DUI is ineligible. Because both Cornette's Assault Second Degree and DUI arise out of the same case, the Court cannot split cases to expunge only a portion

---

[12] *Osgood v. State*, 310 A.3d 415, 419 (Del. 2023).
[13] 11 *Del. C.* § 4374(g)
[14] 11 *Del. C.* § 4372.
[15] *Id.*
[16] 11 *Del. C.* § 4372(f)(2).
[17] Appeal from Comm'r's Order Den. Expungement at 2.

of Cornette's case.  Therefore, the Commissioner's Order Denying Expungement is **AFFIRMED** on this ground.

     **NOW, THEREFORE, IT IS HEREBY ORDERED** that Joseph Cornette's Appeal from the Commissioner's Order Denying Expungement is **DENIED**.

     **IT IS SO ORDERED.**


                                           /s/ Jan R. Jurden
                                    Jan R. Jurden, President Judge

cc:    Original to Prothonotary
        Abolore J. Oshodi, Esq., DAG
        John P. Deckers, Esq., Attorney for Appellant Joseph Cornette